J-A22009-18
J-A22010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRUNO J. PASCERI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL A. KARP | : | |
| | : | |
| Appellant | : | No. 68 EDA 2018 |

Appeal from the Order Entered November 28, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  July Term, 2015 No. 798

| | | |
|---|---|---|
| MICHAEL A. KARP, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BRUNO J. PASCERI, | : | |
| | : | |
| Appellant | : | No. 288 EDA 2018 |

Appeal from the Order Entered November 28, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  July Term, 2015 No. 798

| | | |
|---|---|---|
| BRUNO J. PASCERI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL A. KARP | : | No. 651 EDA 2018 |

Appeal from the Order Entered January 24, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  July Term, 2015, No. 0798

J-A22009-18
J-A22010-18

BEFORE: BENDER, P.J.E., NICHOLS, J., and STEVENS[*], P.J.E.

CONCURRING/DISSENTING STATEMENT BY NICHOLS, J.: **FILED FEBRUARY 05, 2019**

I respectfully concur in part and dissent in part. I concur in the result reached by the majority for the accumulated profits of $15,370,488. As the trial court correctly notes, Michael A. Karp owned all of the limited partnership shares, comprising a 99% interest, in Gateway Funding Diversified Mortgage Services, LP. The remaining 1% general partnership interest was owned by Gateway Funding, Inc., which in turn was 100% owned by Karp. Karp therefore had the discretion to, and did, decide that the accumulated profits were to be retained by the partnership—presumably for use by the partnership—instead of being distributed to himself. Whether categorized as Karp's investment into the partnership or as a partnership obligation to fulfill covenant requirements, the retained earnings were unavailable for disbursement under the employment agreement.

Although the majority correctly holds that it need not address the remaining issues given its disposition, I note my disagreement with the trial court's rationale permitting Karp to deduct his personal losses on the non-performing loans he purchased from Gateway. Simply, because Karp bought non-performing loans from Gateway, the non-performing loans were no longer

_____

[*] Former Justice specially assigned to the Superior Court.

- 2 -

in Gateway's "inventory" of assets. I suggest that any monetary gains or losses attributable to and dating from Karp's ownership of non-performing loans belong to Karp alone. It follows that Karp cannot assign any monetary losses (or gains) on assets he solely owns to Gateway. Although the money used for Karp's 2008 purchase of the non-performing loans may be construed as an "investment" into Gateway, that does not mean Karp is entitled to assign any post-2008 losses or gains from such loans to Gateway: any such monetary gains or losses belong to Karp.[1]

I also disagree with the trial court's rationale that the phrase "along with interest thereon" is ambiguous. The parties agreed that Karp's capital contributions totaled $5,534,472, and the contract specifies that "interest thereon" should have been awarded. Respectfully, I perceive no ambiguity in that phrase. **See generally Nicholas v. Hofmann**, 158 A.3d 675, 693-94 (Pa. Super. 2017). I therefore decline to address whether it was common business practice to award interest on capital contributions. Finally, I agree with the trial court's resolution of the Wage Payment and Collection Law issue. For these reasons, I respectfully concur in part and dissent in part.

---

[1] If an individual purchases real assets of a company, that individual usually expects to realize any such gains or losses personally and not assign them to the seller-company.